UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDI PENDER,<br><br>                      Plaintiff,<br>    v.<br><br>CHUGACH FEDERAL SOLUTIONS, INC., a foreign corporation registered in the Washington,,<br><br>                      Defendant. | CASE NO. C19-5483RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT |

      THIS MATTER comes before the Court on Plaintiff's Motion to Remand Case to State Court (Dkt. 6).  The court is familiar with the records and files herein.

        Plaintiff Brandi Pender moves this Court for an order pursuant to 28 U.S.C. § 1447 (c) remanding this case to the Kitsap County Superior Court for lack of subject matter jurisdiction and for fees and costs incurred related to this removal. Defendant's Removal Notice was based on diversity jurisdiction. As such, Defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1446 (c)(2)(B). Diversity of citizenship is not disputed. However, the amount in controversy is disputed.

*See* Dkt. 6 at 1.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT - 1

Plaintiff argues that there is no basis to believe that the amount in controversy exceeds $75,000.00, and further argues that the settlement offer made (*see* Dkt. 7, Exhibits 1 & 2 attached to the Declaration of Kimberly S Hammit in Support of Plaintiff's Motion to Remand Case to State Court) is proof that the amount in controversy is under $75,000.00. Plaintiff's argument is that the settlement offer of $30,000.00 indicates that the amount in controversy is significantly less than $75,000.00. Plaintiff's settlement offer, however, included, besides the total offer of $30,000.00, the following language: "Damages available for claims under this cause of action include actual damages (wage loss, job search expenses, etc.), general damages for emotional distress, along with attorney's fees and costs," and also included the following language, "Please note that the actual damages reflected here do not account for the significant loss of fringe benefits, which would become part of her claim should this matter not resolve." Considering the likely costs of prosecuting such a case, which could result in a substantial fee award, and considering the unknowns of emotional distress damages and loss of fringe benefits which have not been specified by plaintiff, it is entirely reasonable for the Defendant to conclude that the amount in controversy could exceed $75,000.00. Considering all the evidence on this subject in the file, it appears to the Court, and the Court finds, that the defendant has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

The Court also notes that in the ad damnum clause of the Complaint (Dkt. 1-2), Plaintiff does not specify the amount of damages sought, but does request emotional distress damages and fees and costs. Nowhere in the file is there an indication that Plaintiff's claim is, in fact, for less than $75,000.00.

This being a close question, and each party having reasonable arguments, fees should not be awarded.

1    For the foregoing reasons, it is hereby

2    ORDERED that Plaintiff's Motion to Remand Case to State Court (Dkt. 6) is DENIED.

3    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

4 to any party appearing *pro se* at said party's last known address.

5    Dated this 9th day of July, 2019.

*[signature]*

ROBERT J. BRYAN
United States District Judge